IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY SAENZ, *On Behalf of Himself and*
*All Others Similarly Situated*,

        Plaintiffs,

v.

                                            Case No. 14-cv-0525 RB/GBW

ROD'S PRODUCTION SERVICES, LLC., and
RODNEY SMITH,

        Defendants.

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Compel Discovery Responses and Preserve Objections (*doc. 33*), and subsequent briefing (*docs. 39*, *50*). The Court heard argument on the motion at a hearing on January 28, 2015. *Doc. 56*. Having considered the briefing, the arguments presented at the hearing, and being fully advised, the Court hereby issues the following orders.[1]

I.    **Defendants' Discovery Requests**

    a.  *Defendants' Interrogatories Nos. 3 and 13*

Defendants' interrogatories sought an estimation of Plaintiff's damages, the method used for calculating those damages, and Plaintiff's fee arrangement with his attorneys. *Doc. 33* at 5-8. At the hearing, the parties informed the Court that they had

---

[1] This order memorializes the Court's rulings on Defendants' Motion to Compel made at the hearing held on January 28, 2015.

resolved the issues surrounding Interrogatory Nos. 3 and 13.  The Court will therefore deny as moot Defendants' Motion as it pertains to those requests.

      *b.  Defendants' Request for Production (RFP) No. 3*

Defendants' request for production sought copies of all of Plaintiff's communications with Defendant Rod's Production Services (RPS) or its representatives dating back to January 1, 2009.  *Doc. 33* at 8.  Defendants' Motion further requested that an image of Plaintiff's phone be taken in order to preserve its contents in a searchable format.  *Id.* at 10.   Plaintiff objected, arguing that the time frame of the request is overbroad given the three-year statute of limitations and arguing that it should only encompass communications between the parties between January 2014 and March 2014, when Plaintiff was working for RPS.

After hearing from the parties, the Court rules that Plaintiff must produce copies of his communications with RPS or its representatives occurring between July 2013 and January 28, 2015.  However, the Court will not require production of an image of Plaintiff's phone.  Nonetheless, because the continued use of a phone can cause the loss of information due to automatic overwriting and other similar processes, Plaintiff should cease from using any and all phones that he used at the time he was working for RPS, and to otherwise maintain the data contained therein.  Failure to do so may violate his duty to preserve evidence.  *See e.g. Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216

(S.D.N.Y. 2003). Defendants' Motion as it pertains to RFP No. 3 is therefore granted in part.

        c. *Defendants' Request for Production (RFP) No. 18*

Defendants' request for production sought "any and all emails, social networking pages, profiles, posts, messages, blogs or other electronic or Internet messages or posts through which you or others have communicated any information regarding the contentions or damages alleged by Plaintiff in this case." *Doc. 33* at 10. Plaintiff responded that he did not possess anything that would be responsive to this request. The Court agrees that Plaintiff has adequately responded to the request as phrased. Defendants' Motion as it pertains to RFP No. 18 is therefore denied.

        d. *Defendants' Interrogatory No. 16*

Defendants noted that Plaintiff's answer to their Interrogatory No. 16, which requested a list of all of the companies that he had done work for in the oil and gas industry, was incomplete. Defendant pointed to inconsistencies between Plaintiff's answer and the list of companies he had worked for in his LinkedIn profile. Plaintiff is ordered to review his response to Interrogatory No. 16 and to supplement that response if it was incomplete or inaccurate. *See* FED. R. CIV. P. 26(e).

        e. *Requests for Production (RFPs) Nos. 22, 23, and 29*

Defendants seek tax returns and other tax documents filed by Plaintiff, as well as a "mid tax release authorization." *Doc. 33* at 13. Defendant argued that this

information is relevant to the issue of whether Plaintiff was an employee or an independent contractor, that Plaintiff put his income at issue in filing this action, that tax returns were necessary given Plaintiff's unresponsiveness to Defendants' other requests, and that privacy concerns would be alleviated by the protective order entered in this case (*doc. 32*), as well as Defendants' practices for handling electronically stored information. Plaintiff responded that, given the private nature of tax returns and that Defendants could obtain the information they seek through other means, he should not be required to turn over the requested documents.

The Court will withhold ruling on Defendants' Motion as it relates to these requests for thirty days to give the parties an opportunity to reach an agreement. Defendants' counsel is to file a notice on the docket within thirty days of the issuance of this order informing the Court as to whether the parties have reached an agreement on these requests. If the parties are unable to reach an agreement, the Court will issue a ruling on RFP Nos. 22, 23, and 29.

## II. Second Phase of Discovery

The second phase of discovery, which will be directed at the merits of the claims and Rule 23 class certification, will begin after the FLSA class opt-in period ends. Thus, Plaintiff need not produce the discovery the Court has compelled in this order until the second phase of discovery begins.

### III. Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion to Compel is GRANTED IN PART, DENIED IN PART, and HELD IN ABEYANCE IN PART, as outlined above.[2]

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court further concludes that neither side need pay the expenses incurred by the opposing party in litigating the instant motion.  *See* FED. R. CIV. P. 37(a)(5)(C).