IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY SAENZ, On Behalf of Himself and
All Others Similarly Situated,

      Plaintiff,

v.                                                                                          No. CIV 14-525 RB/GBW

ROD'S PRODUCTION SERVICES, LLC, and
RODNEY SMITH,

      Defendants.

### MEMORANDUM OPINION AND ORDER

Defendants Rod's Production Services, LLC, and Rodney Smith move to amend their Answer and to add counterclaims. (Doc. 25.) Plaintiff Jeremy Saenz opposes the amendment, claiming that the counterclaims are futile and the affirmative defenses were not sufficiently pled. (Doc. 36.) Having reviewed the parties' submissions and arguments, the Court **GRANTS** the Defendants leave to amend their Answer.

    **I.**      **BACKGROUND**

On behalf of himself and others similarly situated, Plaintiff sued Defendants alleging wage violations under the Fair Labor Standards Act ("FLSA") and New Mexico wage and hour law. (Compl.) Plaintiff invokes federal court jurisdiction by citing federal question, diversity jurisdiction, and supplemental jurisdiction. (Compl. ¶¶ 5-6.) Defendants filed their Answer denying the claims on July 17, 2014. (Doc. 10.)

By order of the Court, the Parties held a Rule 26(f) planning meeting. (Doc. 14.) According to the joint status report, the Parties agreed that Defendants could amend their pleadings until November 19, 2014. (Doc. 14 at 2.) On November 19, 2014, Defendants moved

to amend their Answer. (Doc. 25.) The proposed Amended Answer includes counterclaims for a declaratory judgment that the Parties' contract is valid, for breach of contract and indemnification, and for unjust enrichment and setoff. (Doc. 25-1 ¶¶ 29-64.) In keeping with the Local Rules, the Defendants attached a copy of their proposed amendment. Plaintiff opposes the proposed amendment.

## II. DISCUSSION

Under Rule 15, Defendants may only amend their Answer "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court will "freely give leave when justice so requires." *Id.* Defendants claim that their Motion to Amend is proper for two reasons. First, Defendants note that the Motion is timely because the Parties agreed to allow Defendants until November 19, 2014, to amend their Answer. (Doc. 25 at 2.) Second, Defendants explain that after engaging in limited discovery and supplemental legal research, they discovered additional counterclaims. (Doc. 25 at 2.)

Plaintiff opposes the amendment on three grounds. Plaintiff does not challenge the Joint Status Report nor does he make an argument under the Rule 15 standard. Instead, Plaintiff argues (1) the Court should dismiss Defendants' counterclaims for lack of subject matter jurisdiction or on policy grounds; (2) that Defendants' counterclaims are futile because they fail on the merits; and (3) that several of Defendants' affirmative defenses are insufficiently pled.

### A. Subject Matter Jurisdiction over Counterclaims

Plaintiff argues that the Court does not have subject matter jurisdiction over Defendants' counterclaims because the claims are permissive and exercising supplemental jurisdiction would be inappropriate. (Doc. 36 at 2-8.) Under Rule 13, a counterclaim is either compulsory or permissive. Fed. R. Civ. P 13(a)-(b). A counterclaim is compulsory if it (a) "arises out of the

transaction or occurrence" as the plaintiff's claim; and (b) does not require adding a third party over whom the court lacks jurisdiction. Fed. R. Civ. P 13(a). If a counterclaim is not compulsory, it is permissive. Fed. R. Civ. P 13(b).

Although the Court tends to agree with Plaintiff that Defendants' counterclaims are permissive, because the evidence supporting the two sets of claims will be different, the distinction is of little import at this stage. Regardless of what the Court decided in a supplemental jurisdiction analysis, the Court has diversity jurisdiction over Defendants' counterclaims. 28 U.S.C. § 1332(a) ("The district courts *shall have* original jurisdiction of all civil actions" which meet the statutory requirements for diversity) (emphasis added). Plaintiff does not dispute the applicability of diversity jurisdiction; he himself invoked diversity jurisdiction in his Complaint. (Compl. ¶ 5.) More importantly, Defendants recited the necessary facts to meet the requirements for diversity in their proposed countersuit. (Doc. 25-1 ¶¶ 1-3.) Currently, the counterclaim is only against Plaintiff, and not the unnamed members of the collective action. If Defendants wish to sue other members of the class, the analysis may change.

### B. Futility of the Claims Based on the Merits

Plaintiff next argues that the Court should deny the proposed counterclaims because they are futile and fail to state a claim. (Doc. 36 at 9-13.) "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (quoting *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)). Primarily, Plaintiff focuses on Defendants' claim for indemnification. Although the Defendants refer to the relevant provision as an indemnification clause, they seek to enforce it as a broad exculpation clause. As the Tenth Circuit explained:

> While the terms indemnity and exculpatory are often used interchangeably, they are, in fact, different. "An exculpatory clause releases in advance the second party for any harm the second party might cause the first party after the contract is entered. An indemnification clause . . . protects against claims made by parties outside the contract."

*Arnold Oil Properties LLC v. Schlumberger Tech. Corp.*, 672 F.3d 1202, 1206-07 (10th Cir. 2012) (citation omitted).  Plaintiff asks the Court to rule the indemnification/exculpation clause inapplicable on two grounds.

First, Plaintiff argues that the indemnification clause, by its own terms, does not cover Plaintiff's claim for unpaid wages.  (Doc. 36 at 10-13.)  Defendants reply that the Court cannot make the decision because (1) it would involve looking at documents outside the pleadings, and (2) the issue was not adequately briefed.  (Doc. 37 at 4-5.)  The Court is not concerned with Defendants' first argument because Defendants incorporated and attached the indemnification agreement to their pleading.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (explaining that courts can review documents that are "incorporated into the complaint by reference" on a Rule 12(b)(6) motion); *see also Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (listing exceptions to the general rule that a court may only consider the four corners of the complaint when ruling on a motion to dismiss).  However, Defendants' second argument is well-taken.

The Parties have not adequately briefed whether the indemnification clause is enforceable.  The Court will have to analyze the indemnification clause under state contract law.  The Parties need to address the conflict of law issue.  Contrary to what Defendants argue, New Mexico no longer rigidly applies the "place of contracting" rule.  *Ferrell v. Allstate Ins. Co.*, 188 P.3d 1156, 1173 (N.M. 2008) (holding that the lower court should have determined the appropriate governing law by applying the Restatement (Second) rule because "the rigidity of the

4

Restatement (First) is particularly ill-suited for the complexities present in multi-state class actions"). Based on the governing law, the Parties need to address the correct standard for analyzing exculpatory clauses and the relevant public policy exceptions.

Second, Plaintiff argues that the indemnification counterclaim is prohibited under FLSA policy. (Doc. 36 at 13-15.) Although the Court does not have to accept Defendants' conclusion, Defendants pleaded facts to support a plausible argument that Plaintiff was an independent contractor and, as a result, FLSA's requirements do not apply. (Doc. 25-1 ¶ 93.) At this stage, the Court is not prepared to consider Defendants' counterclaim futile.

### C. Sufficiency of Pleadings

Plaintiff moves to strike several affirmative defenses under Rule 12(f). (Doc. 36 at 15-17.) Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense . . . ." Fed. R. Civ. P. 12(f). The Rule requires that a plaintiff moving to strike an affirmative defense do so within 21 days of service. Fed. R. Civ. P. 12(f)(2). The Parties agreed to an extension of time for the Plaintiff to file a Response (Doc. 29), which the Court will respect. However, Plaintiff cannot now strike affirmative defenses that were originally raised in Defendants' Answer filed on July 17, 2014. Plaintiff does not get a new 21-day period to challenge material from the original Answer. *See* 5B Charles Alan Wright, Arthur R. Miller & May Kay Kane, *Federal Practice and Procedure* § 1347 (3d ed. 1998). The Court will not entertain Plaintiff's request to strike paragraphs 94, 105-109, or 120.

For the newly-pled affirmative defenses listed in paragraphs 110-112 and 114-117 of the Amended Answer, Plaintiff claims that Defendants did not plead sufficient facts to support the defenses. (Doc. 36 at 16-17.) "[M]otions to strike affirmative defenses are generally disfavored." *Wells v. Hi Country Auto Grp.*, 982 F. Supp. 2d 1261, 1263 (D.N.M. 2013)

(quoting *Friends of Santa Fe Cnty. v. LAC Minerals, Inc.*, 892 F. Supp. 1333, 1343 (D.N.M. 1995)). "To strike a defense, its legal insufficiency must be 'clearly apparent.'" *Id.* (quoting *Friends of Santa Fe*, 892 F. Supp at 1343). The Tenth Circuit has not yet ruled on whether the *Iqbal/Twombly* pleading standard applies to affirmative defenses. Regardless, Defendants have pled several factual allegations in support of their proposed defenses. (Doc. 25-1 ¶¶ 93, 110, 112, 113.) The Court cannot say that there are no factual issues or that the affirmative defenses are legally insufficient. Thus, Plaintiff's request to strike is denied.

**THEREFORE**,

**IT IS ORDERED** that Defendant's Motion to Amend (Doc. 25) is **GRANTED**.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**