IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY SAENZ, *On Behalf of Himself and*
*All Others Similarly Situated*,

      Plaintiffs,

v.

                                            Case No. 14-cv-0525 RB/GBW

ROD'S PRODUCTION SERVICES, LLC., and
RODNEY SMITH,

      Defendants.

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Compel Discovery Responses and Preserve Objections (*doc. 33*), and subsequent briefing (*docs. 39, 50, 67, 69*). The Court heard argument on the motion at a hearing on January 28, 2015. *Doc. 56*. At the hearing, the Court ruled on all of the issues raised in the Motion with the exception of the dispute over the tax returns. *See docs. 56, 57*. The Court held that ruling in abeyance and directed counsel to meet and confer in a final attempt to resolve the matter. Unfortunately, counsel have notified the Court that they were unable to reach an agreement. *See docs. 67, 69*. Being fully advised, the Court will grant the motion to compel as to RFP 22 and 29 in part, and deny the motion to compel as to RFP 23.

RFP 22 and 29 seek disclosure of Plaintiff's personal tax returns for 2009-2014 and the tax returns for any business regardless of date. The standard which governs the

discoverability of tax returns is unsettled. Undeniably, a plaintiff's tax returns are not privileged and are, thus, subject to discovery. *See St. Regis Paper Co., v. United States*, 368 U.S. 208, 219 (1961); *see also Trujillo v. Bd. of Educ.*, 2007 WL 1306560, *4 (D.N.M. Mar. 12, 2007) (J. Browning). Nonetheless, courts have recognized that tax returns contain confidential information and should not be lightly disclosed. *See Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993).

In some cases, courts have applied a two-pronged test to balance the liberal scope of discovery with the policy of protecting the confidentiality of tax returns. *See e.g., Lee v. DISH Network, LLC et al.*, Case No. 13-cv-1219 KG/SCY, doc. 68 (D.N.M. Dec. 15, 2014) (J. Yarbrough); *Warren v. Campbell Farming Corp.*, Case No. 05-cv-441 JP/RLP, doc. 46 at 2. (D.N.M. Jan. 23, 2006) (citing *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 189 (D. Kan. 1997)). Under this test, the requestor must show the tax returns are relevant to the subject matter of the action. *See Hilt*, 170 F.R.D. at 189. Once shown, the party opposing production must show the information sought is readily obtainable from other sources. *See id.* Other courts have not considered alternative sources but focused primarily on the relevancy of the tax returns. *See Trujillo*, 2007 WL 1306560, at *4; *Adams v. Gateway, Inc.*, 2006 WL 644824 (D. Utah Mar. 10, 2006). Neither of these approaches is binding on this Court.

The only binding authority on this matter comes from *Sanderson v. Winner*, 507 F.2d 477 (10th Cir. 1974). In *Sanderson*, the defendants sought the tax returns of the putative class representatives for the purpose of challenging whether they were

adequate representatives. *Id*. at 478. Defendants proffered no relevance as to the merits of the claims. The court rejected the proposition that the financial condition of the putative class representatives was at all relevant to whether they could serve in that capacity. The court, acknowledging a "public policy against exposure," stated that "[t]ax returns are not generally discoverable." *Id*. at 479-80. However, nothing in *Sanderson* mandates the application of the two-prong test described above. Moreover, it recognized that returns could be discoverable if relevant such as when the plaintiff's income is at issue.[1] *Sanderson* simply establishes that tax returns must be directly relevant to be discoverable and, when addressing that issue, courts should consider their confidential nature prior to ordering disclosure.

While this Court rejects a strict two-prong test, the factors described therein – how relevant is the information sought and other means to obtain the information – are important considerations when balancing the liberal scope of discovery with the policy of protecting the confidentiality of tax returns. In addition, this Court will also consider any measures in place to protect the confidentiality of the records. *See Trujillo*, 2007 WL 1306560, at *4 (finding significant that requesting party offered to enter stipulated confidentiality order).

---

[1] This Court recognizes that the *Sanderson* court stated that tax returns were discoverable "only when the plaintiff's income is directly in issue." However, the context of the statement demonstrates its nature as dicta. The *Sanderson* defendants made only one argument for relevance – adequacy of class representatives – which the court rejected outright. The court was not called upon to consider every possible argument for the relevance of a tax return in a given case. Instead the court was making the point that, given the policy against disclosure, the information on the return should be directly relevant to the case at hand before it could be discoverable. Consequently, this Court does not believe that *Sanderson* prohibits other bases of direct relevance from permitting the discoverability of tax returns.

In terms of relevance, a central issue in this case is whether Plaintiff was an employee of Defendants or an independent contractor.  The economic reality test, which governs this determination, looks at the following non-exhaustive list of factors: "(1) the degree of control exerted by the alleged employer over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the alleged employer's business."  *Barlow v. C.R. England, Inc.*, 703 F.3d 497, 506 (10th Cir. 2012) (quoting *Baker v. Flint Engineering & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir.1998)).  Generally speaking, the tax returns would include evidence that would impact factors #1, #2 and #4.  For example, the tax returns would show income from other entities, expenses against his income, business investment made and deductions taken by Plaintiff.  *See e.g., Lewis v. ASAP Land Express, Inc.*, 554 F.Supp.2d 1217, 1223-25 (D. Kan. 2008); *Rafeedie v. L.L.C., Inc.*, 2011 WL 5352826, *2 (W.D. Tex. Nov. 7, 2011).  The Court therefore concludes that Plaintiff's tax returns[2] are directly relevant to a particularly important issue.

Regarding alternative means to obtain the information, Plaintiff points out that Defendants could propound a "formal, well-tailored interrogatory" which would seek the particular information sought from the tax return.  *See doc. 69* at 1.  Indeed, it is true

---

[2] However, to the extent that Defendants are seeking business tax returns prior to 2009, the Court does not find those sufficiently relevant.

Defendant could simply ask for the figures on all relevant lines of the tax return. However, assuming redaction of personal and irrelevant information, this approach is materially the same as disclosing the return itself.  Thus, it would not significantly advance the confidentiality interest but could undermine the confidence in the accuracy of the answer where, as here, there are allegations of discovery violations due to previous incomplete responses from Plaintiff.

Finally, Defendants have agreed to accept a significantly redacted return.  *See doc. 67.*  Moreover, even the redacted version will be shielded from abuse by the protective order entered in this case.  *See doc. 32.*

Balancing these factors, the Court concludes that the tax returns requested in RFP 22 and 29 (except those for tax years prior to 2009) must be disclosed after redacting as described in *doc. 67*.  Because the returns will be disclosed from Plaintiff after redaction, there is no need for Plaintiff to execute tax release authorizations as requested in RFP 23.

IT IS THEREFORE ORDERED that Defendants' motion to compel as to RFP 22 and 29 is GRANTED in part, and, as to RFP 23, is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE