UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| JEREMY SAENZ, On Behalf of Himself and All Others Similarly Situated, § § § § Plaintiff, § § v. § § ROD'S PRODUCTION SERVICES, LLC § and RODNEY SMITH, § § Defendants. § § ROD'S PRODUCTION SERVICES, LLC, § § Defendant/Counterclaim Plaintiff § § v. § § JEREMY SAENZ, d/b/a SAENZ § SERVICES, § § Plaintiff/Counterclaim Defendant § | | CIVIL ACTION NO. 2:14-cv-00525-RB-GBW |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF COMMUNICATION TO THE COURT**

**I.   The court should reject Defendants' opportunistic request for communications protected by the attorney client privilege and punitive shortening of the opt-in period.**

The only change in circumstances since the court's ruling (Dkt. 79) is the knowledge that 42 workers signed general consent forms. The knowledge of the letter being sent last fall, the fact that some of the workers likely responded to the letter, and that Plaintiff communicated with them, are not new developments in this case. Defendants now seek to punish Plaintiff's good faith disclosure to the court by opportunistically intruding on the attorney client privilege, work product privilege, and shortening the opt-in period.

1

Defendants had not requested the number of people who responded to the letter until now, something they clearly could have anticipated. Likewise, Defendants had not requested the identity of everyone who replied to the letter. Only now that it serves their purpose have Defendants revealed they have solicited information from at least 10 class members whose interests they oppose. Defendants have not disclosed the criteria for selecting these 10 class members or any of the communications to them. Defendants raise objections to disclosing their own communications with class members. *See* Dkt. 84 at 13. Yet, they would have the court order Plaintiff to disclose the "criteria Plaintiff used in determining if putative class members were interested in joining the case." *Id.* at 10.

Defendants requested Plaintiff to disclose other mass communication with putative class members. Plaintiff represents to the court that the only mass communication sent to all class members was the investigation letter already disclosed to the court. Yes, Plaintiff has had other communication with the workers who responded to the letter, but those communications are protected by attorney-client privilege and the work product doctrine, just as Defendants have raised. Defendants other requests again are opportunistic attempts to punish a good faith effort to disclose information to the court, and should be rejected.

Despite the tone of Defendant's Response, the parties seem to agree that some additional language in the notice might be warranted. However, Defendants language goes too far. Plaintiff proposed a slightly different insertion, included again below for reference.

**II.     Conditional certification is not required before consent forms may be obtained.**

Defendants mischaracterize the law for joining plaintiffs in an FLSA collective action. Plaintiff's counsel has done nothing wrong by obtaining general consent forms from potential class members prior to conditional certification. In fact, in *Hoffman-La Roche*, the seminal

Supreme Court case governing notice under 29 U.S.C. § 216(b), the Court refused to disturb the district court's decision not to strike consent forms that were filed before the district court authorized notice.  *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  *See also, Wertheim v. Arizona*, 1993 WL 603552, at *8 (D. Ariz. Sept. 30, 1993) (noting "[t]here is no express statutory requirement that consents may only be filed after the court authorizes notice. Moreover, given that . . . a court later can strike consents if a basis for doing so is established, the court is reluctant to conclude that section 256(a) per se forbids the filing of consents until after the court authorizes notice."); *Melendez Cintron v. Hershey P.R., Inc.*, 363 F.Supp.2d 10, 17 (D.P.R. 2005) (emphasizing that "there are no specific requirements concerning the time when a notice of consent should be filed under Section 16(b) of the FLSA"); *see also Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (refusing to disturb the district court's decision not to strike consents that were filed before the district court's decision to authorize notice).

Defendant simply has the law wrong on this point.  Conditional certification is not a prerequisite for joining an FLSA collective action.  Conditional certification merely means that the Court has made an initial determination that the plaintiff is similarly situated to the class he seeks to represent which permits the Court to authorize notice to the class and provide them an opportunity to opt-in to the case.  *Hoffman-LaRoche*, 493 U.S. 165 (1989). Conditional certification "is neither necessary nor sufficient for the existence of a representative action under FLSA, but may be a useful 'case management' tool for district courts to employ in 'appropriate cases.'"  *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) (quoting *Hoffmann–La Roche*, 493 U.S. at 174); *see also Zavala v. Wal Mart Stores, Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (same). "Section 216(b) does not by its terms require any such device, and nothing in the text of the statute prevents plaintiffs from opting in to the action by filing consents with the

district court, even when the notice described in *Hoffmann–La Roche* has not been sent, so long as such plaintiffs are 'similarly situated' to the named individual plaintiff who brought the action." *Myers*, 624 F.3d at 555 n.10.  The conditional certification approval process is only a mechanism used to determine whether potential plaintiffs should receive notice of their eligibility to join the action. *See Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011).

By responding to 42 workers who expressed an interest in making a wage claim, Plaintiff is not usurping the Court's determination of who is similarly situated.  That determination is solely in the discretion of the Court, and completely separate from an individual's choice to hire counsel, opt into a lawsuit, or pursue claims individually.  There is no logical reason to undermine these individuals' decision to hire counsel to pursue their potential claims.  Defendants' assertion that the class members' choices are undermined, or that they cannot exercise sound judgment about joining this case, is condescending and not supported by any evidence.  The Supreme Court has held that an order affecting communications between parties and potential class members "should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981).  Defendants' purely speculative assumptions do not warrant any action by this Court.

Furthermore, apart from being wrong on the law about when consent forms may be obtained in an FLSA case, Defendant's arguments are irrelevant in the present context.  The current controversy is not the propriety of obtaining consent forms before certification.  <u>The only issue before the Court is whether additional communication is necessary to the group of people who hired Plaintiff's counsel, but have not joined this lawsuit.</u>  As stated in Plaintiff's letter, changes to the notice are not necessary.  Since the 42 individuals are already clients, Plaintiff's

counsel can readily communicate with them regarding the necessary opt-in procedures. However, should the Court determine that additional communication is necessary, Plaintiff does not ask for affirmative relief, but seeks the Court's guidance on what additional communication would be appropriate, if any, to make sure all communications related to this lawsuit are proper.

To that end, Plaintiff explained to Defendants that one option would be to add language in the notice, if the court were to not allow filing the general consent forms in this case. Defendants' proposal (Dkt. 84, p. 8) has some helpful language, but opportunistically goes too far. However, a slightly modified version as follows would serve the purpose of clarifying the need to fill out the Court-approved consent form to join this case:

**9.  What consent form must I submit if I want to joint this lawsuit?**

You may have received a letter from Plaintiff's counsel. If you responded to that letter, you may have received a general consent form. That form was not approved by the court. If you wish to opt-in to this case, you must fill out the consent from included with this notice or on the link provided with this notice. Submitting any other consent form is insufficient to become part of this collective action case.

Finally, the Court should not grant Defendants' request to alter its previous ruling on the length of the opt-in period. Plaintiff submitted its letter in good faith. In response, Defendants attempt to now shorten the opt-in period. This goes too far, and would only serve to harm class members by limiting the time period allowed to join this case. Frankly, Defendants are trying to obtain relief that has nothing to do with their allegations of wrongdoing.

An act of good will by Plaintiffs' counsel should not be held against the class members. But that is exactly what Defendants attempt to do. Defendants are creating as many procedural hurdles as possible to delay getting to the merits of the case. The Court should not condone such dilatory and wasteful tactics.

Respectfully submitted,

5

KENNEDY HODGES, L.L.P.

By: /s/ Galvin B. Kennedy
    Galvin B. Kennedy
    Texas Bar No. 00796870
    gkennedy@kennedyhodges.com
    711 W. Alabama St.
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFFS AND CLASS MEMBERS

LOCAL COUNSEL:
Daniel M. Faber
4620C Jefferson Lane NE
Albuquerque, NM 87109
505-830-0405
Fax: 505-830-3641
Email: dan@danielfaber.com

## CERTIFICATE OF SERVICE

I certify that on April 14, 2015 I filed this document through the District of New Mexico's CM/ECF system which will serve a copy on all parties of record.

/s/ Galvin B. Kennedy
Galvin B. Kennedy